Smith, J.
The members of the court who heard this case do not entirely agree as to the rights of the parties. Judges Shauck and Smith are of the opinion that the natural and ordinary meaning of the language used in the ordinance, which, when accepted, became the contract between the City and Conover, the assignor of the Gas Company, was, as claimed by counsel for the plaintiff in error; and that in accordance with its provisions, the price of gas furnished to the city was to be determined by ascertaining the lowest price at which (such) gas-was *430 (regularly) furnished to private individuals in each of the five-cities named, and dividing the aggregate amount thus produced by this number of cities (5), and two-thirds of this quotient would be the price to be paid by the city. We do not see how otherwise the word “ lowest ” is to have any force or effect. Judge Swing doubts whether this is the proper construction to be placed upon this language, for this reason,, among others, that it would seem very improbable that Con-over would ever have made so improvident a contract.
But Judges Swing and Smith are further of the opinion,, that conceding the foregoing to be the natural and ordinary meaning of the language used, it does not necessarily follow that the parties in this case must have their respective claims adjudicated in accordance therewith. When the terms of a contract are ambiguous and obscure, the aim of a court adjudicating upon it, should be to determine what was the intention and meaning of the^ parties making use of the language. And the subsequent conduct of the parties, acting under it, often throws a flood of light upon, and is almost, if not entirely, conclusive upon the question.
We think that such is the fact here, and we are led to the conclusion that the language used should have that interpretation, which the parties by their conduct have placed upon it for nearly a quarter of a century continuously, and with full knowledge of the question involved. The principle here stated was followed by this court in the case of Kinney, Assignee v. Com’rs Hamilton Co., referred to by counsel for defendant in error, the opinion in which has not yet been published, but which decision is said to have been affirmed by the-Supreme Court. In that case the language of the contract was much less ambiguous than that used in this, and seemed on its face to clearly require a certain construction ; but in view of the continuous conduct of the parties placing a wholly different construction upon it, we were of the opinion that this was what the parties intended when they used the language, and so construed it, and this view, sharply presented, seems to- *431 have met the approval of the Supreme Court. But the doctrine is a familiar one, and in this brief opinion we do not deem it necessary to cite other authorities.
Hertenstein & Dinsmore, corporation counsel, and W. H. Whittaker, for plaintiff in error.
E. W. Kittredge, and Paxton, Warrington & Boutet, for defendant in error.
Judge Shauck, however, is of a different opinion, and while disposed to hold that the cross-petition of the city to recover the amount claimed to have been improperly paid on its construction of the contract can not be maintained, as it was a voluntary payment, yet thinks that the city in this action brought against it by the Gas Company to recover for the amount of gas furnished for the two months sued for, should only be held liable for the amount furnished as ascertained and determined according to the terms of the contract as properly construed. And that as the judgment in favor of the city was rendered for more than it should have been, (the court of common pleas having sustained the construction claimed by the Gas Company) that the judgment rendered should be reversed, and a new trial awarded. But as a majority of the court is of the opinion that the judgment should be affirmed, it will be so ordered.